UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,

     Plaintiff,

                                          CASE NO. 10-14328
v.                                    Honorable Patrick J. Duggan

ROBERT AL-SHERIF, RANDY BECK,
KEVIN TASIEMSKI, CONNIE IGNASIAK,
KEITH GREEN, MARIA VISCONTI,
DARRYL JACKSON, DOUG FORD,
HUGH WOLFENBARGER, and
PATRICIA CARUSO,

     Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Plaintiff Jimmie Simpson ("Plaintiff") has filed a *pro se* civil rights complaint for

declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983.  Plaintiff is a state

prisoner currently incarcerated at the Kinross Correctional Facility in Kincheloe,

Michigan.  Defendants are employed by the Michigan Department of Corrections as

follows:  Robert Al-Sherif, Randy Beck, and Kevin Tasiemski are food service

supervisors; Connie Ignasiak is an assistant food service director; Keith Green is the food

service director; Maria Visconti is a classification director; Darryl Jackson is a warehouse

supervisor; Doug Ford is an assistant business manager; Hugh Wolfenbarger is a warden;

and Patricia Caruso is the Director of the Michigan Department of Corrections.   Plaintiff

is suing Director Caruso in her individual and official capacities; he is suing the

remaining Defendants in their individual capacities, only.

Plaintiff's Complaint and the exhibits attached thereto indicate that, in 2006, Plaintiff was disciplined three times for minor rule infractions, which he incurred while employed in the food service department at the Macomb Correctional Facility in New Haven, Michigan. Because Plaintiff was cited for misconduct three times within a thirty-day period, he was terminated from his prison job for one year. He appealed the termination through the prison grievance system, but the disciplinary decision was upheld. Plaintiff alleges that his due process rights were violated because he was deprived of written notice of the charges, as well as a hearing where he could defend himself against the charges and a written summary of the decision maker's findings and conclusions. Plaintiff also contends that he was found guilty on the basis of irrelevant criteria.

## II. Standard of Review

The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. The Court may dismiss an indigent prisoner's civil rights complaint if the complaint (1) is frivolous or malicious or fails to state a claim for which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; *see also Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed

2

favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, 550 U.S. at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

### III.  Discussion

Plaintiff's claims have no merit, because he does not have a protected property or liberty interest in a prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989)).

Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . , these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate

in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-

84, 115 S. Ct. 2293, 2300 (1995). "Discipline by prison officials in response to a wide

range of misconduct falls within the expected perimeters of the sentence imposed by a

court of law." *Id*. at 485, 115 S. Ct. at 2301.

The sanctions imposed here did not affect the duration of Plaintiff's sentence and,

because he had no right to prison employment, the termination of his job was not an

atypical and significant hardship on him in relation to the ordinary incidents of prison life.

*Robinson v. Shewalter*, No. 00-3211, 2000 WL 1829118, at *3 (6th Cir. Dec. 6, 2000)

(unpublished). Consequently, he was not entitled to the procedural protections set forth

in *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963 (1974), or the less stringent

requirements of *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S. Ct. 864, 874 (1983).[1]

## IV. Conclusion

For the reasons set forth above, the Court holds that Plaintiff's claims fail to state a

---

[1]In *Wolff v. McDonnell*, the Supreme Court held that in prison disciplinary proceedings where good time credits were forfeited the Due Process Clause requires: (1) written notice of charges at least twenty-four hours before the disciplinary hearing; (2) a written statement of the evidence relied on and the reasons for the disciplinary action; (3) an opportunity to call witnesses and present documentary evidence; and (4) the assistance of staff or a fellow inmate if the accused inmate is illiterate. *Wolff v. McDonnell*, 418 U.S. at 563-66, 570, 94 S. Ct. at 2978-79, 2982. In *Hewitt v. Helms*, the prisoner did not forfeit good time credits; he was merely confined to administrative segregation pending an investigation into misconduct charges. The Supreme Court held that, under those circumstances, due process is satisfied where: (1) there is an informal, nonadversary review of the evidence; (2) some notice of the charges is given to the inmate; and (3) there is an opportunity for the inmate to present his views in a written statement to the prison official making the disciplinary decision. *Hewitt v. Helms*, 459 U.S. at 476, 103 S. Ct. at 874.

claim for which relief may be granted.

Accordingly,

**IT IS ORDERED,** that Plaintiff's Complaint is summarily dismissed pursuant to

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

**IT IS FURTHER ORDERED,** that an appeal from this decision could not be

taken in good faith.  Therefore, Plaintiff may not proceed without prepayment of the

appellate fees and costs if he files an appeal.  28 U.S.C. § 1915(a)(3).


DATE: December 21, 2010                         s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copy to:
Jimmie Simpson, #183627
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788