UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,

    Plaintiff,

                                                Case No. 10-14328

v.                                          Honorable Patrick J. Duggan

ROBERT AL-SHERIF, RANDY BECK,
KEVIN TASIEMSKI, CONNIE IGNASIAK,
KEITH GREEN, MARIA VISCONTI,
DARRYL JACKSON, DOUG FORD,
HUGH WOLFENBARGER, and
PATRICIA CARUSO,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## TO ALTER AND AMEND THE JUDGMENT

Plaintiff Jimmie Simpson ("Plaintiff") filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983. In his complaint, Plaintiff alleged that Defendants violated his due process rights when they failed to provide him written notice of misconduct charges, as well as a hearing where he could defend himself against the charges and a written summary of the decision maker's findings and conclusions. Plaintiff also contended that he was found guilty on the basis of irrelevant criteria. In an order entered December 21, 2010, this Court summarily dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he failed to state a claim upon which relief may be granted. On January 10, 2011, Plaintiff filed a motion to alter and amend the judgment. For the reasons that follow,

Plaintiff's motion is denied.

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion brought pursuant to Rule 59(e) must be filed no later than 14 days after entry of the judgment or order. Fed. R. Civ. P. 59(e).

In his motion, Plaintiff continues to argue that he was entitled to certain procedural protections with respect to the charges made against him. He contends that the Court misconstrued his complaint as alleging that he had a protected liberty interest in his prison job. The Court only discussed whether Plaintiff had a protected property or liberty interest in his prison job, however, in order to assess whether he was entitled to certain procedural protections with respect to the adjudication of the charges resulting in his loss of that job. This is because "to prevail on a procedural due process claim . . ., an inmate must establish that his confinement or restraint creates an 'atypical and significant hardship' in relation to the ordinary degradations he must endure in prison." *Jones v. Baker*, 155 F.3d 810, 814 (6th Cir. 1998) (relying on *Sandin v. Conner*, 515 U.S. 472, 483-84, 115 S. Ct. 2293, 2300 (1995)). Plaintiff fails to demonstrate that this Court erred in concluding that he was not entitled to certain procedural protections because the sanctions imposed did not impact the duration of his sentence or place an atypical and significant hardship upon him in relation to the ordinary incidents of prison life.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion to alter and amend judgment is

**DENIED**.

DATE: January 24, 2011						s/PATRICK J. DUGGAN
											UNITED STATES DISTRICT JUDGE

Copy to:
Jimmie Simpson, #183627
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788