UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,
    Plaintiff,

v.

Case No. 10-14328
Honorable Patrick J. Duggan

ROBERT AL-SHERIF, RANDY BECK,
KEVIN TASIEMSKI, CONNIE IGNASIAK,
KEITH GREEN, MARIA VISCONTI,
DARRYL JACKSON, DOUG FORD,
HUGH WOLFENBARGER, and
PATRICIA CARUSO,
    Defendants.
_____/

### OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND (2) DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF APPELLATE COUNSEL

Plaintiff Jimmie Simpson ("Plaintiff") filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983.  In his complaint, Plaintiff alleged that Defendants violated his due process rights when they failed to provide him written notice of misconduct charges, as well as a hearing where he could defend himself against the charges and a written summary of the decision maker's findings and conclusions.  Plaintiff also contended that he was found guilty on the basis of irrelevant criteria.  In an order entered December 21, 2010, this Court summarily dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he failed to state a claim upon which relief may be granted.  Plaintiff thereafter filed a motion to alter and amend the judgment, which this Court denied in an opinion and order entered January 24, 2011.  Plaintiff then appealed the Court's decisions and, on February 22, 2011, filed a motion for the appointment of appellate counsel; however, the Sixth

Circuit Court of Appeals dismissed the appeal for want of prosecution on November 10, 2011.  On December 27, 2011, Plaintiff filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(a) and (b).  For the reasons that follow, Plaintiff's Rule 60 motion is denied.  Because his appeal has been dismissed, his motion for the appointment of appellate counsel is denied as moot.

Although Plaintiff cites to Rule 60(a) in his pending motion, this subdivision of the rule does not apply to the error he alleges as it only allows a court to correct "a *clerical* mistake or a mistake arising from oversight or omission."  Fed. R. Civ. P. 60(a) (emphasis added).  Plaintiff can assert a mistake in the Court's analysis of his claim(s) under Rule 60(b)(1).  A motion brought pursuant to this subsection, however, must be filed "no more than a year after the entry of the judgment or order . . .."  Fed. R. Civ. P. 60(c).  Plaintiff's pending motion, therefore, is untimely.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for relief from judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff's ex parte motion for the appointment of appellate counsel is **DENIED AS MOOT**.

DATE:February 15, 2012            s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copy to:
Jimmie Simpson, #183627
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

2