UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE SIMPSON,

    Plaintiff,

v.

ROBERT AL-SHERIF, RANDY BECK,
KEVIN TASIEMSKI, CONNIE IGNASIAK,
KEITH GREEN, MARIA VISCONTI,
DARRYL JACKSON, DOUG FORD,
HUGH WOLFENBARGER, and
PATRICIA CARUSO,

    Defendants.
_____/

Case No. 10-14328
Honorable Patrick J. Duggan

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS "FOR RELIEF FROM JUDGMENT" (DOCS. 18, 19)

Plaintiff Jimmie Simpson ("Plaintiff") filed a *pro se* civil rights complaint for declaratory, injunctive, and monetary relief under 42 U.S.C. § 1983. In his complaint, Plaintiff alleged that Defendants violated his due process rights when they failed to provide him written notice of misconduct charges, as well as a hearing where he could defend himself against the charges and a written summary of the decision maker's findings and conclusions. Plaintiff also contended that he was found guilty on the basis of irrelevant criteria. In an order entered December 21, 2010, this Court summarily dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, finding that he failed to state a claim upon which relief may be granted. The Court entered a judgment on the same date.

Plaintiff thereafter filed a motion to alter and amend the judgment, which this

Court denied in an opinion and order entered January 24, 2011.  Plaintiff then appealed the Court's decisions and, on February 22, 2011, filed a motion for the appointment of appellate counsel; however, the Sixth Circuit Court of Appeals dismissed the appeal for want of prosecution on November 10, 2011.  On December 27, 2011, Plaintiff filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(a) and (b).  This Court denied Plaintiff's motion in an opinion and order entered February 15, 2012, finding that Rule 60(a) does not apply to his motion and that his request for relief under subsection (b) was untimely as the rule requires a motion to be filed "no more than a year after the entry of the judgment or order."

Now before the Court are two pleadings filed by Plaintiff, each entitled "motion for relief from judgment," where Plaintiff points out that he hand-delivered his previous motion for relief from judgment to prison authorities on December 20, 2011.  Plaintiff contends that, pursuant to the prison mailbox rule, his prior motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) therefore was timely filed within one year of the December 21, 2010 order and judgment.  While Plaintiff is correct, the Court still continues to believe, although for different reasons, that his motion was properly denied.

As indicated above, Plaintiff previously filed a motion to amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e), which this Court denied on January 24, 2011.  Plaintiff raised the same arguments in his Rule 59(e) motion that he raised in his Rule 60(b) motion.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for relief from judgment is **DENIED**.

DATE: March 29, 2012            <u>s/PATRICK J. DUGGAN</u>
                                UNITED STATES DISTRICT JUDGE

Copy to:
Jimmie Simpson, #183627
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788